## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Michael Angelo Burnett, *et al.*,

                 Plaintiffs,     Case No. 25-13155

v.                            Judith E. Levy
                            United States District Judge
Heidi E. Washington, *et al.*,

                 Defendants.

_____/

## OPINION AND ORDER PARTIALLY DISMISSING COMPLAINT AND TRANSFERRING THE REMAINDER OF THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

This matter is before the Court on Plaintiff Michael Burnett's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Burnett is an inmate confined at the Chippewa Correctional Facility in Kincheloe, Michigan who filed a lawsuit naming himself and his mother, Vera Gene Burnett, as Plaintiffs. (ECF No. 1.) Ms. Burnett did not submit an application to proceed *in forma pauperis*, nor has she signed the complaint.

For the reasons set forth below, Plaintiff Vera Gene Burnett is dismissed from the complaint. The Court will transfer the remainder of the complaint, which involves Mr. Burnett's allegations, to the United States District Court for the Western District of Michigan for further proceedings.

## I.    Dismissal of Plaintiff Verna Gene Burnett

The Court dismisses Ms. Burnett from the complaint.

First, Federal Rule of Civil Procedure 11 states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

A litigant who wishes to file a *pro se* lawsuit must personally sign the complaint to invoke the Court's jurisdiction. *See Bradley v. Mason*, 833 F. Supp. 2d 763, 768 (N.D. Ohio 2011) (citing 28 U.S.C. § 1654). Here, Ms. Burnett has not signed the complaint. (*See* ECF No. 1, PageID.32.)

Second, Mr. Burnett as a *pro se* litigant cannot act as a legal representative for his mother—or anyone except himself—in this or any action. *Pro se* litigants cannot sign a pleading on behalf of other persons in a legal proceeding in federal court. *Zanecki v. Health All. Plan of*

2

*Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action." (quoting *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005))); *see also Bradley*, 833 F. Supp. 2d at 768 (holding that state inmates proceeding *pro se* could not represent other inmates in suit against jail officials, even if the other inmates consented to their representation).

Third, Ms. Burnett has not paid the filing fee nor has she submitted an application to proceed *in forma pauperis*. All individuals, both prisoners and non-prisoners, who seek to proceed in federal court without paying the filing fee must file an application to do so. Failure to properly file the application will result in a denial to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997). Because Ms. Burnett has neither paid the filing fee nor filed any documents in support of a request to proceed *in forma pauperis,* her portion of the complaint and the Defendants who are alleged to have violated Ms. Burnett's constitutional rights are dismissed from the complaint.

## II.    Venue for the remaining allegations in the complaint

The remainder of the complaint involves Mr. Burnett's allegations. The complaint is transferred to the United States District Court for the Western District of Michigan because venue is not proper in this district.

All of the constitutional violations alleged in the remainder of the complaint took place at the Chippewa Correctional Facility in Kincheloe, Michigan, which is located in the Western District of Michigan. (*See* ECF No. 1, PageID.5–18 (describing constitutional violations at Chippewa Correctional Facility).) The only allegations in the complaint that took place in the Eastern District of Michigan pertain to Plaintiff Vera Gene Burnett, who is dismissed from the case. (*Id.* at PageID.18 (alleging that constitutional violations occurred in the Macomb Correctional Facility).)

Additionally, all remaining Defendants are located in the Western District of Michigan. All but one Defendant are employees at the Chippewa Correctional Facility. The only Defendant who does not work at the Chippewa Correctional Facility is Defendant Heidi Washington, the Director of the Michigan Department of Corrections, who works in Lansing, Michigan. Lansing is also located in the Western District of Michigan.

4

Pursuant to 28 U.S.C. § 1391(b), venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b).[1]

A district court may transfer a case upon its own review due to improper venue. *See Carver v. Knox Cnty.*, 887 F.2d 1287, 1291 (6th Cir. 1989); 28 U.S.C. § 1404(a). When deciding whether to change the venue of a lawsuit, the district court must consider the convenience of parties and witnesses, and if the transfer is in the interest of justice. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).

---

[1] If neither § 1391(b)(1) or (2) applies, § 1391(b)(3) provides that venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

5

The Court concludes that the convenience of the parties and witnesses, and the interests of justice, weigh heavily in favor of transferring the remainder of the case to the Western District of Michigan. Mr. Burnett is currently incarcerated at the Chippewa Correctional Facility. The records from this prison would be more easily transported to the court in the Western District and the court's subpoena power could be exercised more effectively in that district. Mr. Burnett's claims involve events that allegedly took place in the Western District of Michigan and are not connected to the Eastern District of Michigan. The potential expenses and inconvenience to the parties and the witnesses of trying the case in the Eastern District of Michigan greatly outweigh Mr. Burnett's initial election of the present forum. *See, e.g.*, *Sullivan v. Tribley*, 602 F. Supp. 2d 795, 800–01 (E.D. Mich. 2009). Accordingly, it is proper to transfer this case to the Western District of Michigan.

## III.  Conclusion

For the reasons set forth above, Plaintiff Vera Gene Burnett is DISMISSED from the complaint and her claims are DISMISSED WITHOUT PREJUDICE. The Court ORDERS the Clerk of the Court to

transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: November 20, 2025      s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2025.

                              s/William Barkholz
                              WILLIAM BARKHOLZ
                              Case Manager